IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LINDA WEARY,

      Plaintiff,                        No. CIV S-05-0012 KJM

      vs.

JO ANNE B. BARNHART,
Commissioner of Social Security,

      Defendant.                   <u>ORDER</u>

_____/

      Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying an application for Disability Income Benefits ("DIB") under Title II of the Social Security Act ("Act"). For the reasons discussed below, the court will deny plaintiff's motion for summary judgment or remand and grant the Commissioner's cross-motion for summary judgment.

/////

/////

/////

/////

/////

1

I. <u>Factual and Procedural Background</u>

In a decision dated October 21, 2003, the ALJ determined plaintiff was not disabled.[1] The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied plaintiff's request for review. The ALJ found plaintiff has severe back and neck impairments but these impairments do not meet or medically equal a listed impairment; plaintiff is not substantially credible; plaintiff has the residual functional capacity to perform light work; plaintiff can perform her past relevant sedentary work; and plaintiff is not disabled. Administrative Transcript ("AT") 19-20. Plaintiff contends the ALJ did not accord proper

/////

---

[1] Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program, 42 U.S.C. § 401 <u>et seq</u>. Supplemental Security Income ("SSI") is paid to disabled persons with low income. 42 U.S.C. § 1382 <u>et seq</u>. Under both provisions, disability is defined, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment." 42 U.S.C. §§ 423(d)(1)(a) & 1382c(a)(3)(A). A five-step sequential evaluation governs eligibility for benefits. <u>See</u> 20 C.F.R. §§ 423(d)(1)(a), 416.920 & 416.971-76; <u>Bowen v. Yuckert</u>, 482 U.S. 137, 140-42 (1987). The following summarizes the sequential evaluation:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App.1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
> Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.
> Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

<u>Lester v. Chater</u>, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. <u>Bowen</u>, 482 U.S. at 146 n.5. The Commissioner bears the burden if the sequential evaluation process proceeds to step five. <u>Id</u>.

2

weight to the opinions of treating physicians and that vocational expert testimony should have been obtained.

II. Standard of Review

The court reviews the Commissioner's decision to determine whether (1) it is based on proper legal standards under 42 U.S.C. § 405(g), and (2) substantial evidence in the record as a whole supports it. Copeland v. Bowen, 861 F.2d 536, 538 (9th Cir. 1988) (citing Desrosiers v. Secretary of Health and Human Services, 846 F.2d 573, 575-76 (9th Cir. 1988)). Substantial evidence means more than a mere scintilla of evidence, but less than a preponderance. Saelee v. Chater, 94 F.3d 520, 521 (9th Cir. 1996) (citing Sorenson v. Weinberger, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975)). "It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 402, 91 S. Ct. 1420 (1971) (quoting Consolidated Edison Co. v. N.L.R.B., 305 U.S. 197, 229, 59 S. Ct. 206 (1938)). The record as a whole must be considered, Howard v. Heckler, 782 F.2d 1484, 1487 (9th Cir. 1986), and both the evidence that supports and the evidence that detracts from the ALJ's conclusion weighed. See Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985). The court may not affirm the ALJ's decision simply by isolating a specific quantum of supporting evidence. Id.; see also Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). If substantial evidence supports the administrative findings, or if there is conflicting evidence supporting a finding of either disability or nondisability, the finding of the ALJ is conclusive, see Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th Cir. 1987), and may be set aside only if an improper legal standard was applied in weighing the evidence, see Burkhart v. Bowen, 856 F.2d 1335, 1338 (9th Cir. 1988).

III. Analysis

A. Treating Physician

Plaintiff contends the ALJ committed error in failing to address the opinion of a treating physician, Dr. Bigler, and the reports of an orthopedic physician, Dr. Swartz, who

examined plaintiff in the context of a workers' compensation claim.  The weight given to medical opinions depends in part on whether they are proffered by treating, examining, or non-examining professionals.  Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995).  Ordinarily, more weight is given to the opinion of a treating professional, who has a greater opportunity to know and observe the patient as an individual.  Id.; Smolen v. Chater, 80 F.3d 1273, 1285 (9th Cir. 1996).

To evaluate whether an ALJ properly rejected a medical opinion, in addition to considering its source, the court considers whether (1) contradictory opinions are in the record, and (2) clinical findings support the opinions.  An ALJ may reject an uncontradicted opinion of a treating or examining medical professional only for "clear and convincing" reasons.  Lester, 81 F.3d at 831.  In contrast, a contradicted opinion of a treating or examining professional may be rejected for "specific and legitimate" reasons, that are supported by substantial evidence.  Lester, 81 F.3d at 830.  While a treating professional's opinion generally is accorded superior weight, if it is contradicted by a supported examining professional's opinion (e.g., supported by different independent clinical findings), the ALJ may resolve the conflict.  Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995) (citing Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989)).  In any event, the ALJ need not give weight to conclusory opinions supported by minimal clinical findings.  Meanel v. Apfel, 172 F.3d 1111, 1113 (9th Cir. 1999) (treating physician's conclusory, minimally supported opinion rejected); see also Magallanes, 881 F.2d at 751.  The opinion of a non-examining professional, without other evidence, is insufficient to reject the opinion of a treating or examining professional.  Lester, 81 F.3d at 831.

Dr. Bigler, plaintiff's treating physician, requested in a letter to the Social Security Administration in February 2002 that plaintiff be considered for permanent disability status.  AT 149-150.  In this letter, Dr. Bigler set forth no specific functional limitations.  The doctor mentions in the letter that, based on plaintiff's subjective complaints, sitting limitations would

significantly limit employment. AT 150.² The ALJ properly discredited plaintiff's subjective complaints and the credibility determination is not challenged here. In determining plaintiff's residual functional capacity, the ALJ relied on the opinions of the three consultative examining physicians, whose findings rested on their own clinical observations. AT 18, 144-148, 206-210, 258-273. Because Dr. Bigler's letters, to the extent they can be construed as opining on functional limitations, are controverted in the record and the ALJ's residual functional capacity finding is supported by substantial evidence, the ALJ did not err in failing to specifically discuss the letters in his decision. Cf. Vincent on Behalf of Vincent v. Heckler, 739 F.2d 1393, 1395 (9th Cir. 1984).

In January 2000 and March 2001, Dr. Swartz performed two orthopedic evaluations as a qualified medical examiner for purposes of plaintiff's workers' compensation claim. Both reports predate plaintiff's alleged onset of disability on October 23, 2001. AT 17, 127-134, 233. In light of the context in which Dr. Swartz's opinions were formulated, the opinions are not directly applicable to a determination of eligibility for Social Security benefits. See Desrosiers v. Secretary of Health and Human Services, 846 F.2d 573, 576 (9th Cir. 1988) (workers' compensation medical reports of disability not directly applicable to Social Security disability determinations because of the different standards applied). In any case, because the reports are from a time period not at issue given the parameters set by plaintiff's disability application, the ALJ did not err in failing to specifically discuss Dr. Swartz reports.

/////
/////
/////

---

² Another letter from Dr. Bigler dated December 2003 was submitted to the Appeals Council and incorporated into the administrative record. AT 8, 267-268. This letter again sets forth no functional limitations and as with the prior letter, recapitulates plaintiff's subjective complaints. The court finds no basis for remand in this letter.

B.  Vocational Expert

Plaintiff also contends the ALJ should have used a vocational expert because of her nonexertional limitations.[3] The ALJ did not utilize the grids in determining plaintiff is not disabled.  Rather, the sequential analysis ended at step four because the ALJ found plaintiff could perform her past relevant work.  In doing so, the ALJ properly relied on plaintiff's own description of her job duties.  AT 19, 33, 76; see Pinto v. Massanari, 249 F.3d 840, 845 (9th Cir. 2001); see also SSR 82-61 (past relevant work determined by particular past job or the occupation as generally performed).  Because plaintiff failed to meet her burden of showing she cannot perform her past relevant work, the ALJ's determination that plaintiff is not disabled must be upheld.  See Crane v. Shalala, 76 F.3d 251, 255 (9th Cir. 1996) (no vocational expert testimony required where plaintiff can perform past relevant work).

The ALJ's decision is fully supported by substantial evidence in the record and based on the proper legal standards.  Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment or remand is denied, and

2. The Commissioner's cross-motion for summary judgment is granted.

DATED: September 26, 2006.

_____
UNITED STATES MAGISTRATE JUDGE

006
weary.ss

---

[3] Nonexertional limitations are non-strength related limitations. These include mental, sensory, postural, manipulative, and environmental limitations. Desrosiers v. Secretary of Health & Human Services, 846 F.2d 573, 579 (9th Cir.1988); 20 C.F.R., Pt. 404, Subpt. P, Appendix 2, § 200.00(e).